**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:20CR109 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| HERMAN FLETCHER, | ) | OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

Before the Court is Defendant Herman Fletcher's Motion to Release from Detention and Place on Bond with Electronic Monitoring or GPS. (Doc. 109). For the following reasons, Defendant's Motion is **DENIED**.

**I. BACKGROUND**

On February 26, 2020, a Grand Jury indicted Defendant with one count of Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances, a violation of 21 U.S.C. § 846; and one count of Use of a Communications Facility to Facilitate a Felony Drug Offense, a violation of 21 U.S.C. § 843(b). (Doc. 16). On March 6, 2020, Magistrate Judge Greenberg held a Detention Hearing. Based on the hearing, the Magistrate Judge found that:

> [T]he testimony and information submitted at the detention hearing establish[ed] by clear and convincing evidence…that based upon Defendant's substance abuse history, his unstable living situation, his prior arrests and convictions, and his history of false personal identification information, no condition or combination of conditions exists that would reasonable ensure the safety of the community of Defendant's appearance.

(Doc. 65, PageID: 419) (the "Detention Order").

On April 2, 2020, Defendant filed his Motion to Release. (Doc. 109). The Government responded on April 3, 2020 asking the Court to deny Defendant's request. (Doc. 110). Defendant filed a Supplement to his Motion on April 10, 2020. (Doc. 113).

## II. LAW & ANALYSIS

Although Defendant brings his Motion "pursuant to 18 U.S.C. § 3145," Defendant is not challenging the Magistrate Judge's findings in the Detention Order. Rather, Defendant claims "that circumstances since the original entry of detention have arisen that warrant reconsideration of the order." (Doc. 109, PageID: 555). A district court *may* reopen a detention hearing based on changed circumstances. 18 U.S.C. § 3142(f)(2)(B). However, the new information must 1) have been unknown to the movant at the time of the hearing; and 2) have "a material bearing on the issue of whether there are conditions of release that will reasonably assure a defendant's appearance at trial and the safety of any other person in the community." *United States v. Watson*, 475 Fed. App'x 598, 600 (citing § 3142(f)(2)(B)). "In other words, the new information must be of a nature that would increase the likelihood that the defendant will appear at trial and would show that the defendant is less likely to pose a danger to the community." *Id.*

Defendant argues that the novel COVID-19 virus presents new information that justifies his release. He claims that, due to his age (51), race (African-American) and prior health condition (diabetes), he is at an increased risk of complications should he contract COVID-19. Defendant briefly mentions he can stay with his fiancée in Akron under GPS monitoring, which was known to the Magistrate Judge at the time of the hearing. He further asserts information about the Indictment, his criminal history and his co-conspirators' status. Again, this information was previously known at the time of the Detention Hearing.

The only changed circumstance that Defendant cites since the Detention Hearing is COVID-19.  The Court understands the general risks that COVID-19 presents to certain populations, including those is jails and prisons.  But courts throughout the country "have held that these risks, without more, do not amount to a 'material change of circumstances warranting a renewed evaluation of [a] prior detention order." *United States v. Tawfik*, 2020 WL 1672655, at *2 (E.D. Mich. Apr. 6, 2020) (citing cases finding same).  The fact that COVID-19 may come to the facility where Defendant is housed does not go to Defendant's flight risk or danger to the community.  As the Magistrate Judge found, Defendant has a prior history of abusing narcotics, an unstable living condition, prior arrests and convictions and a history of presenting false personal identification information to authorities.  These findings remain true despite COVID-19 and Defendant has not argued otherwise.

Defendant's proposed relief is to stay at his fiancée's residence under GPS monitoring.  Not only was the option available to the Magistrate Judge at the time of Detention Hearing, Defendant fails to appreciate the burden such relief would place on Pretrial Services.  Moreover, jail officials are taking the necessary precautions to stop the introduction and spread of COVID-19 at the facility.[1]  (Doc. 110, PageID: 562-64).  Defendant's age, race and past diagnosis of diabetes does not change the Court's analysis.  Defendant has not alleged he is receiving inadequate care at the facility.  *Tawfik*, 2020 WL 1672655, at *3.  Furthermore, "health problems alone do not necessarily mean that a defendant does not pose a flight risk or a risk of danger to others." *United States v. Dimora*, 2012 WL 1409396, at *4 (N.D. Ohio Apr. 23, 2012).

---

[1] As of April 13, 2020, Northeast Ohio Correctional Center—the facility where Defendant is currently detained—has reported that no inmates have contracted COVID-19.  (https://drc.ohio.gov/Portals/0/DRC%20COVID-19%20Information%2004-13-2020%20%201411.pdf) (last accessed Apr. 14, 2020).  While the institution is in lockdown, this appears to be a precautionary measure due to one of the institution's contractors testing positive for the virus.

Accordingly, since the new information of COVID-19 neither reasonably assures Defendant's appearance at trial nor the safety of others in the community, the Court declines to reopen the detention hearing and upholds the Magistrate Judge's prior decision to detain.

### III. Conclusion

For the foregoing reasons, Defendant's Motion (Doc. 109) is **DENIED**.

**IT IS SO ORDERED.**

                                    s/ Christopher A. Boyko
                                    **CHRISTOPHER A. BOYKO**
                                    **Senior United States District Judge**

**Dated: April 14, 2020**